IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HILARIO MEDINA,<br><br>        Plaintiff,<br><br>v.<br><br>ROLLIN COOK,<br><br>        Defendant. | **MEMORANDUM DECISION<br>& ORDER TO CURE<br>DEFICIENT COMPLAINT**<br><br>Case No. 2:18-CV-148-DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, inmate Hilario Medina, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2019),[1] *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Complaint, (Doc. No. 5), under its statutory review function,[2] the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2019).

[2] The screening statute reads:
>(a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>>(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

**COMPLAINT'S DEFICIENCIES**

Complaint:

(a) does not properly affirmatively link defendant to civil-rights violation.

(b) appears to inappropriately allege civil-rights violations on respondeat-superior theory.

(c) shows confusion about how to state a claim of failure to protect. (See below.)

(d) has claims apparently regarding current confinement; however, complaint seems not to have been drafted with contract attorneys' help.

**GUIDANCE FOR PLAINTIFF**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after filing without moving for amendment.[3]

(2) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.

---

[3] The rule on amending a pleading reads:
> (a) Amendments Before Trial.
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>>> (A) 21 days after serving it, or
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>> (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019). However, Plaintiff need not include grievance details in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **Failure to Protect**

Plaintiff should consider the following information as he considers an amended complaint:

> "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotation marks omitted). These claims include both an objective and a subjective component. *Estate of Booker v. Gomez*, 745 F.3d 429, 430 (10th Cir. 2014) (internal quotation marks omitted) (medical needs); *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (failure to protect).
> . . . .
>
> For the objective component of a failure-to-protect claim, the prisoner "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Riddle*, 83 F.3d at 1204 (internal quotation marks omitted). "A prisoner has a right to be reasonably protected from constant threats of violence . . . from other inmates." *Id.* (internal quotation marks omitted).

> For the subjective component . . ., the prisoner must present "evidence of the prison official's culpable state of mind. He must show that the prison official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Estate of Booker*, 745 F.3d at 430 (citation and internal quotation marks omitted) (medical needs); *see Riddle*, 83 F.3d at 1204 (failure to protect). "[T]he official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have also drawn the inference." *Requena v. Roberts*, 893 F.3d 1195, 1215 (10th Cir. 2018) (brackets, ellipsis, and internal quotation marks omitted).
>
> In addition to the objective and subjective components of these Eighth Amendment claims, a § 1983 "plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citation omitted).

*Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018) (unpublished)

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint."

(2) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if he wishes to pursue an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff shall not try to serve the amended complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2019) ("The

officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

(5) Plaintiff's second motion for appointed counsel, (Doc. No. 13), is DENIED, for the same reasons stated in a prior order in this case denying appointment of voluntary *pro bono* counsel, (Doc. No. 4). As the Court said in that prior order, "[I]f, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear pro bono on Plaintiff's behalf." (*Id*. at 3.) This is an ongoing inquiry that requires no further prompting from Plaintiff. **The Clerk of Court shall take note that no further motions for appointed counsel will be accepted by the Court**.

DATED this 24th day of May, 2019.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court