IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HILARIO MEDINA,<br><br>                Plaintiff,<br><br>v.<br><br>ROLLIN COOK,<br><br>                Defendant. | **MEMORANDUM DECISION & ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Case No. 2:18-CV-148 DAK<br><br>District Judge Dale A. Kimball |

On January 14, 2020, concluding Plaintiff had been prejudicially unresponsive in his litigation, the Court dismissed his case. (ECF No. 20.) On January 29, 2020, Plaintiff submitted, "Motion to Reconsider," which the Court construes as a motion to alter or amend the judgment. (ECF No. 22.) Plaintiff asserts primarily mail difficulties kept him from appropriately responding to Court orders. (*Id.*) But this does not square with the relevant documents on the docket, all painstakingly set forth in the Court's dismissal order. (ECF No. 20.)

Plaintiff responded to the Court's May 24, 2019 order requiring an amended complaint by asking for an extension, which the Court granted. (ECF Nos. 14-16.) Plaintiff also responded to the Court's November 13, 2019 order to show cause. (ECF Nos. 18-19.) He then responded after the Court's dismissal order. (ECF Nos. 20-23.) From the Court's perspective, each time it communicated with Plaintiff over the past year, Plaintiff was responsive, even if delayed, except that he just never--even now (more than two years after originally filing his case)--provided the one document that was needed and required--an amended complaint.

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff has not shown any of these three grounds for relief exist here. He does nothing but cite logistical difficulties. Nor has he followed up with a proposed amended complaint, which shows a continued failure to prosecute--and which prompted the dismissal order to begin with. Plaintiff thus does not meet the exacting standard for relief under Rule 59(e); the Court's January 14, 2020 Order and Judgment stand. (ECF Nos 20-21.)

**IT IS ORDERED** that Plaintiff's post-judgment motion is **DENIED**. (ECF No. 22.) This action remains closed.

DATED this 21st day of April, 2020.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court